**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**PHILLIP CONNOR,**

                    **Plaintiff,**         **AMENDED COMPLAINT**
  -against-

**TALON AIR, INC., STRATOSPHERE**        (Jury Trial Demanded)
**DEVELOPMENT COMPANY, LLC**           Case No. 20-cv-00903-JS-SIL
**and ADAM KATZ,**
                   **Defendants.**
-------------------------------------------------------------------X

      Plaintiff, **PHILLIP CONNOR**, by and through his attorney, the Law Office of Ralph A. Somma, complains and alleges as follows:

## INTRODUCTORY STATEMENT

1. Plaintiff brings this action to recover unpaid wages and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. §§ 201, *et seq.* and New York State Labor Law § 190 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.

3. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367.

4. The unlawful employment practices alleged below were committed within the County of Suffolk in the State of New York. Defendants do business in the State of New York in the County of Suffolk. Accordingly, this action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

5. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff, **PHILLIP CONNOR**, resides in the County of Suffolk.

7. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Section 190(2) of the New York Labor Law, N.Y. LAB. LAW § 190(2).

8. At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of Section 190(4) of the New York State Labor Law who spent more than 25% of his working time engaged in "physical labor" within the meaning of the term "manual worker."

9. Defendant **TALON AIR, INC.** (hereinafter "Talon Air") is a corporation whose principal place of business is located in the State of New York, in the County of Suffolk at 7110 Republic Airport, Suite 300, Farmingdale, New York 11735.

10. Defendant **STRATOSPHERE DEVELOPMENT COMPANY, LLC** (hereinafter "Stratosphere") is a limited liability company whose principal place of business is located in the State of New York, in the County of Suffolk at 7110 Republic Airport, Suite 300, Farmingdale, New York 11735.

11. At all times relevant to the Complaint, Talon Air was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

12. At all times relevant to the Complaint, Stratosphere was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

13. Defendant ADAM KATZ (hereinafter "Katz") does business at 131 Heartland Boulevard, Edgewood, New York, within the jurisdiction of this court and, at all times relevant herein, was an officer, executive, owner and/or majority shareholder of Talon Air and Stratosphere; in active, operational control and management of Defendants Talon Air and Stratosphere; and/or responsible for the policies, practices and procedure governing, inter alia, the hours worked by and/or payment of wages and benefits to the employees of Defendants Talon Air and Stratosphere including the Plaintiff herein, such that he is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 190(3) of the New York Labor Law, N.Y. Lab. Law § 190(3).

14. Defendants provide aircraft management services at Republic airport in Farmingdale, New York including flight planning, scheduling, accounting, maintenance, operations and human resources support for owners of private and charter aircraft.

15. Defendants are an "enterprise engaged in interstate Commerce" within the meaning of the FLSA.

16. Defendants have employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and an annual gross volume of sales in excess of $500,000.

17. At all times hereinafter mentioned, Defendants have been engaged in related activities performed through unified operation or common control for a common business purpose; have employed and shared employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials

that have been moved in or produced for commerce; have had annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

## **FACTS**

18. Plaintiff commenced employment with Defendants as a line service technician on or about October 12, 2015.

19. Plaintiff's duties included, but were not limited to, maintenance and cleaning of aircraft owned and operated by Defendants' clients.

20. Plaintiff's employment with Defendants terminated on or about December 20, 2018.

21. Throughout the term of his employment with Defendants, Plaintiff was required to be paid at the rate of at least one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) in each work week.

22. During the time Plaintiff was employed by Defendants he regularly worked more than forty hours each week.

23. During the time Plaintiff was employed by Defendants, Plaintiff was regularly scheduled to work five days each week from 7:00 am to 3:30 p.m. – a total of 42.5 hours each week. During that time, the Plaintiff was frequently prohibited from taking a break for lunch and was required to work beyond his regularly scheduled hours to accomplish tasks assigned by

Defendants, to fill in for other employees who called out sick or otherwise failed to show up for work, and/or to complete de-icing of aircraft serviced by Defendants.

24. Defendants willfully failed to compensate the Plaintiff for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular hourly rate.

25. Defendants failed to compensate the Plaintiff for time worked in excess of forty hours per week. Instead, Defendants instituted an unlawful comp-time program intended to allow employees paid time off in lieu of payment at the rate of time and one-half their regular hourly rate for hours worked in excess of forty hours each week.

26. Despite the creation of an unlawful comp-time program, employees of Defendants were prohibited from utilizing accrued comp-time.

27. Defendant Katz instructed Plaintiff and other employees of Talon Air not to record time worked in excess of forty hours each week boasting that in all the years he had been in business, he never paid employees for overtime.

28. As a result of Defendants' unlawful pay and record keeping practices, Plaintiff does not have access to accurate records showing the actual hours he worked for Defendants. Nevertheless, Plaintiff estimates that he was required to work beyond his regularly scheduled hours to accomplish tasks assigned to him by Defendants approximately 2 to 3 hours each week; was required to fill in for other employees who called out sick approximately 12 to 16 hours each month; and during the cold weather months of November through March, was intermittently required to work de-icing aircraft approximately 3 additional hours during approximately three weeks during the period November through December and 3 additional hours three times each week during the period January through March.

29. Plaintiff regularly worked days in which the spread of hours from the beginning of his shift to the end exceeded ten.

30. Defendants failed to pay plaintiff one (1) additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§190, et. seq. and §650, et. seq., as codified by 12 NYCRR §137.17 & 137.11.

31. Defendants paid Plaintiff on a bi-weekly basis by check.

32. Defendants did not provide Plaintiff with a wage notice that accurately contained the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage' including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law. New York Labor § 195(1).

33. Defendants failed to provide Plaintiff with a statement with every payment of wages, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked as required by New York Labor § 195(3).

34. Defendants failed to maintain and preserve payroll or other records indicating the time of day and day of week on which the Plaintiff's workweek began; the regular hourly rate of pay for any workweek in which overtime compensation was due under section 7(a) of the FLSA; the hours worked each workday and total hours worked each workweek; the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation; the total premium pay for overtime hours; and/or the total additions to or deductions from wages paid each pay period as required by FLSA § 211(c) and 29 C.F.R. § 516.2.

**FIRST CLAIM FOR RELIEF**
*(Failure to Pay Overtime – FLSA)*

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

36. Defendants willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 ½) times the regular hourly rate at which Plaintiff was employed in violation of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

37. As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

38. The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

## SECOND CLAIM FOR RELIEF
*(Failure to Pay Overtime – New York Labor Law)*

39.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

40.    Defendants willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 ½) times the regular hourly rate at which he was employed in violation of the New York Labor Law, N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2.

41.    As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

42.    The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

## THIRD CLAIM FOR RELIEF
*(Spread of Hours – New York Labor Law)*

43.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

44.    Defendants willfully failed to pay plaintiff one (1) additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§190, et. seq. & §650, et. seq., as codified by 12 NYCRR §137.17 & 137.11.

45.    As a result of the underpayment of wages alleged above, Plaintiff has incurred damages thereby for which the Defendants are indebted to Plaintiff.

46.     The records concerning the number of hours worked by Plaintiff and the compensation he received are in the exclusive possession, custody and control of the Defendants. Plaintiff is therefore unable to state the exact amount due and owing to him.

### FORTH CLAIM FOR RELIEF
*(Wage Notice – New York Labor Law)*

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

48.     Defendants failed to supply plaintiffs with a wage notice as required by N.Y. Lab. Law § 195(1) and codified at 12 N.Y.C.R.R. § 142-2.7.

49.     Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants damages of $50.00 for each work day that the violation occurred or continued to occur, up to a maximum of $5,000.00, plus reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-b).

### FIFTH CLAIM FOR RELIEF
*(Wage Statements – New York Labor Law)*

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint as though fully set forth at length herein.

51.     Defendants failed to supply plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195(3).

52.     Due to defendants' violation of the NYLL § 195(3), plaintiffs are entitled to recover from the defendants damages of $250.00 for each work day that the violation occurred or continued to occur, up to a maximum of $5,000.00, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(l-d).

### SIXTH CLAIM FOR RELIEF
*(Weekly Wage Payments – New York Labor Law)*

53.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint as though fully set forth at length herein.

54.  At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of Section 190(4) of the New York State Labor Law who spent more than 25% of his working time engaged in "physical labor" within the meaning of the term "manual worker."

55.  Defendants failed to pay Plaintiffs weekly as required by N.Y. Lab. Law § 191(1).

56.  Due to defendants' violation of the NYLL § 191(1), Plaintiff is entitled to recover from the Defendants liquidated damages equal to the amount of wages that were paid late plus reasonable attorney's fees, and costs and disbursements of this action, pursuant to the NYLL § 198.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands:

A.  On the First Claim for Relief, Defendants pay to Plaintiff his actual damages for unpaid overtime wages in an amount to be determined at trial, plus liquidated damages pursuant to Section 216 of the FLSA, 29 U.S.C. § 216(b).

B.  On the Second Claim for Relief, Defendants pay to Plaintiff his actual damages for unpaid overtime wages in an amount to be determined at trial, plus liquidated damages pursuant to the New York Labor Law, N.Y. LAB. LAW § 198.

C.      On the Third Claim for Relief, Defendants pay to Plaintiff his actual damages for unpaid spread of hours wages in an amount to be determined at trial, plus liquidated damages pursuant to the New York Labor Law, N.Y. LAB. LAW § 198.

D.      On the Forth Claim for Relief, Defendants pay to Plaintiff $50.00 for each workday that the violation occurred or continued to occur, up to a maximum of $5,000.00 pursuant to the New York Labor Law, N.Y. LAB. LAW § 198.

E.      On the Fifth Claim for Relief, Defendants pay to Plaintiff $250.00 for each workday that the violation occurred or continued to occur, up to a maximum of $5,000.00 pursuant to the New York Labor Law, N.Y. Lab. Law § 198.

F.      On the Sixth Claim for Relief, Defendants pay to Plaintiff liquidated damages equal to the amount of wages that were paid late.

G.      Defendants be ordered to pay Plaintiffs' prejudgment interest;

H.      Defendants be ordered to pay the costs and disbursements of this action;

I.      Defendants be ordered to pay Plaintiff's attorneys' fees; and,

J.      For such other and further relief as may be just and proper.

Dated: Babylon, New York
December 21, 2020

Respectfully Submitted,
THE LAW OFFICE OF RALPH A. SOMMA

*/s/ Ralph A. Somma*

Ralph A. Somma
175 West Main Street, Suite 1
Babylon, NY 11702
Tel.: (631) 587-1699